UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:03-cr-288-T-23MAP
8:05-cv-1270-T-23MAP

EMMANUEL JONES
                                                                                 /

**O R D E R**

Jones pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute 50 grams or more of a mixture containing cocaine base. Jones' motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his 120-month sentence. The motion is without merit.

A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

"[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Jones' conviction is based on a negotiated plea. The Plea Agreement (Doc. 170 in 8:03-CR-288-T-23MAP) specifically states that Jones "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provisions contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2,  except for an upward departure by the sentencing judge, or a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. . . ."  Plea Agreement ¶ 5 at 12.  Jones was sentenced to 120 months imprisonment, which was not an upward departure nor above the statutorily authorized maximum sentence of life imprisonment; Jones' sentence was both the statutory minimum and guidelines minimum.  Thus, Jones' waiver of his right to challenge the guidelines sentence is controlling.

Jones argues that he was sentenced above the statutory maximum, and thus the appeal waiver is not enforceable.  The record belies his claim.  Jones is a criminal history category VI and his total offense level is a 34, which provides for a sentencing range from 262 to 327 months.  However, the United States' § 5K1.1 motion for a downward departure of eight levels was granted, resulting in a total offense level of 26, which provides for a sentencing range from 120 to 150 months.  Jones was sentenced

to the minimum of 120 months. Because of Jones' prior convictions, his sentence was the statutory minimum of ten years. Consequently, Jones' sentence was neither an upward departure nor above the statutory maximum, and so the appeal waiver is enforceable.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall **ENTER A JUDGMENT** against Jones and **CLOSE** this action.

ORDERED in Tampa, Florida, on July 13, 2005.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro